# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

DANA DRUZBIK,

    Plaintiff,

v.

JOANN CHAPMAN

    Defendants,

## PLAINTIFF'S COMPLAINT AT LAW

Plaintiff, Dana Druzbik, through undersigned counsel, Larson Larimer Schneider, PC, submits the following Complaint at Law:

### I. PARTIES

1. Plaintiff Dana Druzbik (hereinafter "Plaintiff") is a natural person of the age of majority, and at the time of the incident herein resided at 320 Big Pinion Drive, Basalt, Colorado. Plaintiff is currently deployed to Saudi Arabia, but will be returning to Colorado within the next 60 days and will be residing in Colorado Springs, Colorado. Plaintiff is, and was, at all times material to the allegations in this Complaint, a resident of the State of Colorado.

2. Upon information and belief, at all times material to the allegations in this Complaint, Defendant Joann Chapman (hereinafter "Defendant") last known residential address was 62 Red Bud Canyon, Kerrville, TX 78028.

3. Upon information and belief, at the time of this incident, Defendant was vacationing or residing temporarily at 30 Anderson Lane #817, Snowmass Village, CO 81615.

## II. JURISDICTION AND VENUE

4. Plaintiff incorporates Paragraphs 1 through 3 herein by reference.

5. This Honorable Court has jurisdiction as this is a diversity action filed under the provision of 28 U.S.C. § 1332(a)(1) by reason of the diversity of the citizenship of the parties. The Plaintiff is a citizen of the State of Colorado, and the Defendant is a citizen of the State of Texas.

6. The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of interest and costs.

7. Venue is proper because a substantial part of the acts and/or omissions giving rise to the personal injury claim occurred in Colorado and the Defendant is subject to the Court's personal jurisdiction with respect to this action.

## III. GENERAL ALLEGATIONS

8. Plaintiff incorporates Paragraphs 1 through 7 herein by reference.

9. On or about September 21, 2021, Plaintiff was working as a nurse at the Aspen Valley Hospital in Snowmass, Colorado.

10. Defendant, who was staying at the Stonebridge Condos in Snowmass Village was walking her two dogs on September 21, 2021 when her own dogs began to fight each other. Defendant attempted to separate her dogs when she was bitten by one of them.

11. After being bit, Defendant went to Aspen Valley Hospital to address her bite wounds. She also brought with her to the hospital one of her dogs – who had been bitten during the fight between the dogs.

12. Defendant was taken to the emergency department to address her puncture wounds from being bitten by the dogs.

13. While being treated in the emergency department by the Plaintiff and the doctor on staff – Dr. Flora, Defendant requested if her dog could be brought in from the car and its injuries looked at. Defendant was advised that they could not treat an animal at the hospital and she would need to find a veterinarian to treat the animal.

14. Defendant then continued to ask if the dog could at least be brought into her room so the dog could comfort her and be given a warm blanket. Defendant said she couldn't get/carry the dog herself because of the injury/bites to her own arm. As such, she asked if someone could go get the dog out of her car and brought into the room.

15. Defendant told the staff, including Plaintiff that her dog was very friendly and would not bite. Defendant gave her car keys to the Plaintiff to retrieve her dog and Plaintiff and another staff member went to the parking lot to retrieve Defendant's dog.

16. Plaintiff retrieved the dog from Defendant's vehicle and while carrying the dog through the parking lot, the dog attacked the Plaintiff without warning biting her in the face, chin and lip causing severe injuries including lacerations and nerve damage.

### IV. FIRST CLAIM FOR RELIEF
(Strict Liability Pursuant to C.R.S. §13-21-124)

17. Plaintiff incorporates Paragraphs 1 through 16 herein by reference.

18. At all times material to the allegations in this Complaint, Defendant owned, kept, had control or custody of the dog that is the subject of this complaint and that bit the Plaintiff.

19. Defendant's dog was a domesticated animal related to the fox, wolf, coyote or jackal as otherwise defined by C.R.S. § 13-21-124(b).

20. Plaintiff was bitten in the face by the Defendant's dog.

21. When the Plaintiff was bitten by the Defendant's dog, Plaintiff was lawfully on public or private property.

22. As a direct and proximate result of being bitten by the Defendant's dog, Plaintiff suffered severe and permanent injuries, damages and losses.

23. The dog bite was the cause of Plaintiff's serious bodily injuries, damages and losses.

24. As a direct and proximate result of being bitten by the Defendant's dog, Plaintiff suffered, and will continue to suffer, economic damages, emotional distress, mental anguish and physical suffering. Plaintiff's injuries have been and will continue to be permanent.

25. Plaintiff's injuries, damages and losses exceed $75,000.00.

WHEREFORE, Plaintiff respectfully prays for compensatory damages in her favor and against Defendant, Joann Chapman, in an amount to be determined by the trier of fact, interest from the date of filing, pre-judgment and post-judgment interest as allowed by law, witness fees, filing fees, deposition expenses, and for such other and further relief as the Court may deem appropriate and just, including all costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated this 18th day of September 2023.

*s/ Mark A. Larson*
Mark A. Larson, #23274
Larson Larimer Schneider, PC
9605 S. Kingston Court, #250
Englewood, CO 80112
Tel. (303) 221-0039
Fax (303) 221-4924
mlarson@injurylaw.co

Plaintiff's Address:
6032 Ashmore Lane
Colorado Springs, CO 80927

5