**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-CV-02429-NYW-MDB

Dana Druzbik,
Plaintiff.

v.

Joann Chapman,
Defendant.

---

**DEFENDANT JOANN CHAPMAN'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

---

Defendant, Joann Chapman, ("Defendant") through her undersigned counsel, Hall & Evans, LLC, submits the following as her Answer, Defenses, and Affirmative Defenses to Plaintiff's Complaint at Law ("Complaint"):

1. This Defendant lacks sufficient information or knowledge regarding the allegations set forth in paragraph 1 of the Complaint, requiring denial of same.

2. This Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. This Defendant admits at the time of the incident as set forth in Plaintiff's Complaint, she was vacationing at a residence in Snowmass Village, Colorado. The remaining allegations set forth in paragraph 3 of the Complaint purport to set forth a legal conclusion to which no response is required. To the extent the allegations set forth in paragraph 3 of the Complaint are determined to be factual, said allegations are denied.

## JURISDICTION AND VENUE

4. This Defendant restates her responses to paragraphs 1 to 3 of the Complaint, as though fully set forth herein.

5. Based on information and belief, this Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. The allegations set forth in paragraph 6 of the Complaint are conclusory, while at the same time purport to set forth a legal conclusion to which no response is required. To the extent the allegations set forth in paragraph 6 of the Complaint are determined to be factual, this Defendant admits Plaintiff is seeking in excess of $75,000 as compensation for the injuries alleged in the Complaint and therefore the amount in controversy exceeds the jurisdictional limitation. This Defendant denies Plaintiff is entitled to any such compensation. The remaining allegations set forth in paragraph 6 of the Complaint, if any, are denied.

7. This Defendant admits the allegations set forth in paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8. This Defendant restates her responses to paragraphs 1 to 7 of the Complaint, as though fully set forth herein.

9. Based on information and belief, this Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10. This Defendant admits the allegations set forth in paragraph 10 of the Complaint.

11. This Defendant admits she went to Aspen Valley Hospital to address her bite wounds, but denies she "brought with her to the hospital one of her dogs…" This Defendant admits one of the dogs was in her vehicle, while Defendant was in the Emergency Department of said hospital.

12. This Defendant admits she went to the Aspen Valley Hospital Emergency Department, but denies anyone brought her there.

13. This Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. This Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15. This Defendant admits she provided the keys to her car, but denies the remaining allegations set forth in paragraph 15 of the Complaint.

16. This Defendant admits Plaintiff retrieved a dog from Defendant's vehicle, and the dog bit the Plaintiff. This Defendant denies the remaining allegations set forth in paragraph 16 of the Complaint.

**FIRST CLAIM FOR RELIEF**

**(Strict Liability Pursuant to C.R.S. § 13-21-124)**

This Defendant denies any allegations set forth between paragraphs 16 and 17 of the Complaint.

17. This Defendant restates her responses to paragraphs 1 to 16 of the Complaint, as though fully set forth herein.

18. This Defendant admits she owned the dog, but denies the remaining allegations set forth in paragraph 18 of the Complaint.

19. The allegations set forth in paragraph 19 of the Complaint are conclusory while at the same time purport to set forth a legal conclusion to which no response is required. To the extent the allegations set forth in paragraph 19 of the Complaint are determined to be factual, said allegations are denied.

20. Based on information and belief, this Defendant admits the allegations set forth in paragraph 20 of the Complaint.

21. Based on information and belief, this Defendant admits the allegations set forth in paragraph 21 of the Complaint.

22. This Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. This Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. This Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. This Defendant denies the allegations set forth in paragraph 25 of the Complaint.

## GENERAL DENIALS

26. This Defendant denies any and all allegations after the word "WHEREFORE" set forth on page 4 of the Complaint.

27. This Defendant denies each and every allegation set forth in the Complaint, not specifically admitted herein.

28. This Defendant denies Plaintiff is entitled to any relief whatsoever.

**JURY DEMAND**

This Defendant demands a trial by jury.

**AFFIRMATIVE DEFENSES**

1. Plaintiff did not suffer a serious bodily injury or other compensable injury.
2. The Complaint fails to state a claim for which relief can be granted.
3. Plaintiff is not entitled to economic and/or non-economic damages.
4. Plaintiff knowingly and/or intentionally provoked the dog, and therefore she is not entitled to recovery of any damages.
5. Plaintiff's injuries and damages, if any, were caused by her own acts or omissions.
6. Plaintiff's damages are barred or reduced by her assumption of risk pursuant to C.R.S. §13-21-111.7.
7. Plaintiff failed to mitigate or minimize her damages.
8. Plaintiff's damages may be barred or reduced for her failure to take reasonable steps to return to work or seek proper medical treatment.
9. Plaintiff's damages are barred or reduced by her contributory negligence pursuant to C.R.S. §13-21-111.
10. Plaintiff's alleged injuries may have pre-existed the accident or may have occurred subsequent to the accident and not proximately caused from the accident.
11. Plaintiff's damages are limited by set-off payments made by third parties.
12. This Defendant reserves the right to amend his affirmative defenses.

Respectfully submitted this 13th day of November 2023.

s/ *Mark S. Ratner*
Mark S. Ratner, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300, Denver, CO 80202
303-628-3300 /Fax: 303-628-3368
ratnerm@hallevans.com
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on the 13th day of November 2023, a true and correct copy of the foregoing **DEFENDANT JOANN CHAPMAN'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW** was filed with the Court via CM/ECF and served on the below-listed party by email:

Mark A. Larson
mlarson@injurylaw.co

*s/ Sarah Stefanick*